### In re DUNLOP'S ESTATE.

(Surrogate's Court, New York County. June 13, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 111*)—CHARGES—ATTORNEY'S FEES.
　　After two of the executors under a will have retained an attorney, the third cannot retain another attorney and have his fees charged against the estate, where the first attorney had performed all the necessary services in the administration.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448–462; Dec. Dig. § 111.*]

2. EXECUTORS AND ADMINISTRATORS (§ 111*)—CHARGES—ATTORNEY'S FEES— PRESUMPTION.
　　Where an executrix, who has individual interests under a will, employs counsel after her coexecutors have retained other counsel, who are taking all necessary steps, it will be presumed that the attorney was retained to protect the individual interests of the executrix, and he cannot be compensated from the estate.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448–462; Dec. Dig. § 111.*]

3. EXECUTORS AND ADMINISTRATORS (§ 111*)—CHARGES—ATTORNEY'S FEES— AMOUNT.
　　Where an attorney for one executrix brought an action under Code Civ. Proc. § 2653a, in which the other executors, who had retained a different attorney, were made defendants, an award of $500 and costs allowed in that action against the estate is sufficient ·ompensation for the plaintiff's attorney.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448–462; Dec. Dig. § 111.*]

On motion for reargument on the allowance of attorney's fees. Motion denied.

Charles S. Miller, of New York City (Edward S. Clinch, of New York City, of counsel), for executors.

Chester H. Lane, of New York City, for executrix.

Gilbert Ray Hawes, of New York City, for residuary legatees.

COHALAN, S. [1] The papers submitted in support of the motion for reargument do not cite any controlling authority which had not been brought to the attention of the court upon the original argument, nor do they show the existence of any material facts which were overlooked by the court in arriving at the decision heretofore rendered. The allegation in the moving papers that the rulings of the referee caused the attorney for the executrix to believe it was not necessary for him to show in what respect the services rendered by him were beneficial to the estate is not supported by any statement of the nature of the evidence which upon a rehearing would be submitted to the referee to prove this fact. Nor is the allegation that such services were necessary to the proper administration of the estate supported by a statement of facts from which it could reasonably be inferred that upon a rehearing evidence would be adduced showing the necessity for such services. From the affidavits submitted by both parties it appears that Mr. Charles S. Miller was retained by John W. Bartlett, one of the executors, on March 10, 1908, and by the Title Guarantee & Trust Company, another executor, on March 11, 1908, "to take all the necessary and proper steps for the probating of said last will and testament and for the carrying forward of the proper administration of the estate of Clark W. Dunlop." The executrix in her affidavit does not state the particular date upon which she retained Chester H. Lane as her attorney, but it appears from a letter written by her to Mr. Charles S. Miller on November 7, 1908, that she decided about that time to retain another attorney; her reason for such action being stated in her letter to Mr. Miller as follows:

"I do feel that my individual interest should be looked after by one not connected or interested in the other two parties named."

The moving papers do not show that Mr. Miller, the attorney retained by the two executors, had done anything in the course of his administration of the estate which would indicate a lack of ability to properly perform his duties as attorney for the estate, or that he failed to render any services which were necessary in order to conserve the interest of the legatees. On the contrary, it appears that, with the assistance of able and experienced counsel, he was at the time of Mr. Lane's employment by the executrix administering the affairs of the estate in a manner calculated to protect the interest of all the legatees. Under such circumstances I am inclined to think that the executrix did not have a right to retain another attorney to assist in the administration of the estate, for payment of whose services she would be entitled to be reimbursed out of the assets of the estate.

Since the Court of Appeals, in the Matter of Caldwell, 188 N. Y. 119, 80 N. E. 663, decided that, where it appeared that the attorneys originally retained by an executor had performed all the services

necessary. for the administration of the estate, the executrix of the estate would not be entitled to be reimbursed for moneys paid to a lawyer retained by her, I cannot regard as controlling authority the statement in the Matter of Delaplaine (Sur.) 3 N.. Y. Supp. 202, that each of the executors is entitled to employ a lawyer, and that the services rendered by each lawyer so employed, whether such services were. or were not beneficial to the estate, should be paid out of the estate. It seems to me that the doctrine laid down in the latter case would impose upon estates a needless expenditure for attorney's fees. If each of the three executors of an estate may retain an attorney, and the fees of all the attorneys are to be paid out of the estate, there would not only be a conflict of authority in the administration of the estate, but there would also be a possibility that the ingenuity of the various attorneys would be exercised in an endeavor to gain technical advantages and impress their respective clients with the importance of their advice, rather than in an honest effort to settle the estate expeditiously and economically.

[2] While executors are entitled to the services of a competent lawyer, the employment of additional lawyers by the individual executors should be regarded by the court with disfavor, and compensation out of the estate should not be allowed to such lawyers unless it appears to the satisfaction of the court that their employment was necessary for the protection of the interests of the legatees. If the executor so employing additional counsel has an individual interest in the estate as legatee or devisee, the employment will be presumed to have been made for the protection of the individual interest, and the value of such services should not be allowed out of the estate.

[3] The only independent action taken by the attorney employed by the executrix in this matter, other than the one referred to in my previous decision, was the bringing of an action in the Supreme Court under section 2653a of the Code. It appears that the other executors were not consulted about the bringing of this action, and that they were made defendants. Judgment was taken by default, and the court allowed an extra allowance of $500 and costs, amounting in all to about $700, and directed that this amount should be paid to the executrix or her attorney out of the estate. This amount I consider ample compensation for the work performed by the attorney for the executrix in that proceeding.

The motion for reargument is therefore denied.