GALT v. DAVIS et al.

(Court of Appeals of District of Columbia. Submitted October 6, 1925. Decided November 2, 1925.)

No. 4302.

Executors and administrators ⬗123—Widow who, as one of three executors of estate, employed individual counsel, held not entitled to charge his compensation against estate.

One of two or more executors cannot, against wishes of associates and without authority of court, employ personal counsel and charge his compensation against estate, and widow of deceased, who as one of three executors, against wishes of her associates and without authority of court, employed individual counsel, was not entitled to charge amount of his compensation against estate.

Appeal from Supreme Court of District of Columbia.

In the matter of the estate of Ralph L. Galt, deceased. From an order sustaining the objection of Henry E. Davis and another, executors, to petition of their coexecutor, Rachel C. S. Galt, for allowance out of the estate to pay counsel individually employed, and dismissing petition, Rachel C. S. Galt appeals. Affirmed.

W. G. Gardiner, of Washington, D. C., for appellant.

H. E. Davis, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Ralph L. Galt died in the District of Columbia on May 17, 1923, leaving a last will and testament, in which he named as executors his wife, Rachel C. S. Galt, plaintiff herein, and Henry E. Davis and William T. Betts. The will was duly probated, and letters testamentary were issued to the executors. In the first account of the executors, approved and passed by the court November 25, 1924, there was included an item of $500 attorney's fees for professional services rendered.

Appellant filed a petition in the court below, asking for an allowance out of the estate to pay counsel employed by her "to protect her and advise her with reference to the conduct and business and affairs of her late husband, and the manner of administering her late husband's estate." The coexecutors answered the petition, objecting and protesting against the employment by petitioner of counsel, and denying her lawful right to do so without their consent. From an order dismissing the petition, petitioner appealed.

The sole question presented is whether or not one of several executors or administrators may individually employ counsel to represent him or advise him with respect to the administration of the estate, without the consent and approval of his coexecutors or administrators, and without the order or approval of court, and charge the reasonable cost of such employment against the estate.

The administration of estates, either by executors or administrators, is under the control of the court; and while executors are selected by the testator because of the special confidence reposed by the testator in their judgment, integrity, and business ability to carry out his wishes, their conduct in connection with the management, settlement, and disposition of the estate is subject to the supervision and approval of the court. Where there are two or more executors named by the testator, it is contemplated that they will co-operate in carrying out the wishes of the testator; and it would be objectionable and unwise to permit one of the executors, without the consent of his associates, or the authority of the court first obtained, to inject into the administration of the estate a professional adviser selected and individually employed by him.

Undoubtedly the executors, or a majority of them, would have the right to employ counsel, as seems to have been done in this case, to advise them in respect of their duties. It is also true that an individual executor has the right, upon his or her own responsibility, to secure the advice of counsel as to his or her individual duty in handling the affairs of the estate; but to allow one

of three executors to intrude his personal attorney into the affairs of the estate, without authority of the court first had and obtained, and against the wishes of his associates, would produce a situation not contemplated by the testator and detrimental to the harmonious administration of the estate. This, we think, should not be permitted.

While, as we have suggested, it is competent for an individual executor to employ on his own account counsel to advise him with respect to his duties, the compensation for such services cannot be enforced as a liability against the estate. The doors of the court are always open to one of two or more executors to present complaints as to the conduct of his coexecutors; and, if deemed advisable, it is within the power of the court upon such complaint to authorize the employment of counsel, and to charge the compensation therefor against the estate. If appellant felt aggrieved at the manner in which the estate of her deceased husband was being administered, and deemed it important that additional counsel should be employed, she should have applied to the court for an order to this effect. Not having done this, she is not in position to enforce her claim for compensation.

The decree is affirmed, with costs.