In Matter of Estate of Alex L. Greenberg, Deceased, Allen H. Schultz and Ida Schultz, Co-Executors, Appellants and Cross-Appellees, v. Nathan Sugarman, Co-Executor, Appellee and Cross-Appellant.

Gen. No. 47,188.

First District, Third Division.
November 27, 1957.
Released for publication January 2, 1958.

 █ 

Schultz, Lippman & Biro, of Chicago (Robert Karmel, of counsel) for appellants and cross-appellees.

Moses and Theodore J. Levitan, of Chicago (Moses Levitan, and Theodore J. Levitan, of counsel) for appellee and cross-appellant.

JUDGE FRIEND delivered the opinion of the court.

Under the last will and testament of Alex L. Greenberg, deceased, Allen H. Schultz and Ida Schultz, petitioners, and Nathan Sugarman, respondent, were named as co-executors. In December 1955 Allen H. Schultz and Louis L. Biro were employed by all the co-executors as their attorneys. Article fourteen of the will provided that "if at any time three persons shall be acting as co-executors and co-trustees hereunder, the determination of the majority of such co-executors and co-trustees shall control."

In June of 1956 an order was entered in the Probate Court giving respondent herein leave to employ H. Burton Schatz as his attorney. Thereafter, on August 7, 1956, Messrs. Moses and Theodore J. Levitan appeared before the Probate Court for the purpose of presenting Schatz's withdrawal as attorney for the respondent, his consent to the withdrawal, and the request for their appointment as attorneys for said respondent. On the same day petitioners herein pre-

sented their petition to the Probate Court in which they requested an order terminating the services of H. Burton Schatz as attorney for respondent, and setting forth in the petition that it was their intention and desire to continue to retain as counsel for all the co-executors Allen H. Schultz and Louis L. Biro, and no others. In substance the petition set forth that three co-executors were named under the will; that article fourteen thereof provided for majority control; that Allen H. Schultz and Louis L. Biro were employed as attorneys for all the co-executors on December 23, 1955; that on June 25, 1956 Schatz advised Schultz that Sugarman desired to retain him (Schatz) as his attorney; that Schultz notified Schatz that his employment as attorney for Sugarman was agreeable; that thereafter it became apparent to petitioners that the employment of Schatz had served to create discord and disunity, rather than to further harmony, among the co-executors and was unnecessarily burdening the estate with additional costs and charges; that accordingly the majority of the co-executors believed it to be in the best interests of the estate to terminate the employment of Schatz; and that it was their intention to continue to retain as counsel for all the co-executors Allen H. Schultz and Louis L. Biro, and no others.

Subsequently, on September 20, 1956, respondent filed his answer to the petition wherein he admitted the directive of the testator contained in article fourteen of the will, and set forth the following facts and circumstances which, he averred, made it essential to him as a co-executor to have counsel of his own choosing: that co-executors Allen H. Schultz and Ida Schultz are husband and wife; that Allen H. Schultz is a lawyer; that respondent is a research scientist on the faculty of the University of Chicago and not a lawyer; that the estate is a substantial one and has among its assets a large interest in the Canadian Ace Brew-

ing Company and the Seneca Hotel Company; that since the death of the deceased, Allen H. Schultz has become the president and chairman of the board of directors of, and manages, the Canadian Ace Brewing Company, and is its legal counsel; that he is also secretary and a director of, and manages, the Seneca Hotel Company, and is also its legal counsel; that respondent has been called upon and will be called upon to approve and sign documents prepared by Schultz, the legal effect of which he may not fully comprehend; and that he cannot accept as his legal counsel a lawyer who is his co-executor and with whom he is or may be in disagreement on matters pertaining to the administration of the estate; that the will, which was drafted by the law firm headed by Allen H. Schultz, is complicated and ambiguous; and that it will be necessary to have it interpreted to respondent who, without advice of counsel, does not know the extent of his legal obligations, rights and problems as a co-executor.

On September 25, 1956 petitioners filed their motion for judgment on the pleadings, and on October 5, 1956 an order was entered in the Probate Court finding that the parties hereto were appointed co-executors in the will of the deceased; that Schultz, who is a lawyer, and Ida Schultz, who is his wife and a co-executor, have chosen Allen H. Schultz and his law partner, Louis L. Biro, as attorneys for the three co-executors; that Nathan Sugarman is not a lawyer and seeks to be represented by separate counsel; that the vote or other affirmative action of Allen H. Schultz was necessary in order to constitute a majority of the executors in effecting his employment and that of his partner as attorneys for the three co-executors; that "no evidence has been adduced that to the date hereof the within estate has not been administered upon according to law pursuant to the advice of said two at-

417

torneys"; and it was therefore ordered that the motion of respondent to substitute attorneys and to retain separate counsel for himself as co-executor "be at this time denied, without prejudice, however, to the renewal of said motion at any time hereafter on showing that the estate herein being administered is not protected, safeguarded or otherwise being benefited by the acts of his co-executors."

From this order respondent perfected an appeal to the Superior Court of Cook county, where the matter was heard de novo on the same pleadings which had been filed in the Probate Court. No evidence was adduced upon the de novo trial in the Superior Court, but the following order was entered upon the pleadings:

"1. That it has jurisdiction of the subject matter and the parties hereto; and that this appeal raises a question of law only.

"2. That Nathan Sugarman, as said Co-Executor, is entitled to have independent legal counsel to represent him.

"It is Therefore Hereby Ordered and Adjudged as found in Par. 2 and that his attorney's compensation, if any, from the said estate shall be determined by the Probate Court at the proper time."

Petitioners appeal from this order; respondent has filed a cross-appeal.

The question presented for determination is whether a single co-executor has the right to employ independent counsel in his capacity as co-executor, contrary to the express opposition of a majority of the co-executors and the directive of the will providing for majority control by the co-executors. This question does not arise on the application of any co-executor for the payment of his attorneys' fees, but rather from the opposition of a majority of the co-executors to the employment of independent counsel by a single

418

co-executor who in the future would receive payment of attorneys' fees from the estate funds. As heretofore stated, the deceased in his will named three co-executors: Ida Schultz, a daughter of the testator; Allen H. Schultz, husband of Ida Schultz; and Nathan Sugarman, husband of another daughter.

■ Petitioners stated in their pleadings that they consented to the employment of Schatz as counsel for respondent in the hope of maintaining a harmonious working relationship among the co-executors, but that shortly after his employment it became apparent to them that independent legal counsel did not serve such a purpose, and accordingly they exercised their rights under the will and applied to the Probate Court for leave to terminate the services of Schatz and at the same time opposed respondent's motion to substitute Messrs. Levitan in the place of H. Burton Schatz. It was their contention in the proceedings in the Probate Court, as well as in the Superior Court, and now on appeal, that the matter of employment of legal counsel for the co-executors is regulated and controlled by article fourteen of the will hereinbefore set forth. It is a fundamental principle of probate law that courts and executors have the duty of carrying out the expressed intentions of the testator as set forth in his will, unless to do so would violate the law or be contrary to public policy. Barnhart v. Barnhart, 415 Ill. 303; Bushman v. Fraser, 322 Ill. 579. In the instant proceeding the testator expressly directed that the determination of the majority of the co-executors and the co-trustees shall control. This principle of majority control would necessarily apply to the employment of legal counsel, since the directive set forth in article fourteen was in no way qualified as to specific matters of administration.

Notwithstanding the provision of article fourteen and the opposition of petitioners to the employment of

independent legal counsel by respondent as a co-executor, the Superior Court found *as a matter of law* that a single co-executor is entitled to independent legal counsel to represent him in his capacity as a co-executor. Undoubtedly he is free as an individual to seek the advice and counsel of an attorney at his own expense; but where, pursuant to an order of court, he as a co-executor is authorized to have independent legal counsel and advice in his capacity as co-executor, the fees therefor must ultimately come from the assets of the estate. In Galt v. Davis, 8 F.2d 1012, the will had no directive for majority control. Nevertheless, the court observed that the executors, or a majority of them, had the right to employ counsel to advise them in respect of their duties, and specifically pointed out "that an individual executor has the right, upon his or her own responsibility, to secure the advice of counsel as to his or her individual duty in handling the affairs of the estate; but to allow one of three executors to intrude his personal attorney into the affairs of the estate, without the authority of the court first had and obtained, and against the wishes of his associates, would produce a situation not contemplated by the testator and detrimental to the harmonious administration of the estate. This, we think, should not be permitted." If the employment of independent counsel should not be permitted without the court's authority, for the reasons indicated in the Galt case, it would seem to follow that the court should not grant leave to do so without a clear showing that the estate is not being properly administered. See also In re Dunlop's Estate, 142 N. Y. Supp. 286.

██ Apart from the directive of the will providing for majority control, the salutary principle of law as enunciated in Dingman v. Boyle, 285 Ill. 144, Coleman v. Connolly, 242 Ill. 574, and Wilson v. Mason, 158 Ill. 304, is that co-executors and co-trustees must

act as an entity in matters pertaining to the administration of the estate; any other rule would lead to confusion and chaos and create unnecessary charges against estate funds. In Sykes v. Parker, 250 Ill. App. 299, one of three co-trustees employed legal counsel who performed services beneficial to the trust. Notwithstanding this fact the court refused to impose liability upon the trust for attorneys' fees. Executors have the same duties to the beneficiaries under a will as do trustees to beneficiaries under a trust, and a co-executor accepting the obligation of his employment is required to exercise his duties in accordance with the terms set forth in the will. If each co-executor were to be allowed independent counsel, it could well be that in the approach to every decision there would be as many opinions as co-executors. An estate so administered would lose the advantage of fluid administration and would have its funds diminished by legal expenses. The testator's directive is in conformity with the legal principle of unit control as approved in the foregoing decisions. This is the only practical way to administer an estate; in the event of mismanagement there are legal remedies available. Ill. Rev. Stat. 1957, ch. 3, sec. 430 (c).

As heretofore indicated, the judge of the Probate Court rejected the argument that a co-executor was entitled to legal counsel as a matter of law, and held that such right was one which depended upon the particular facts of the case. He found "that no evidence has been adduced that to the date hereof the within estate has not been administered upon according to law pursuant to the advice of said two attorneys [Schultz and Biro]." The sole question in his mind was whether or not the estate was "protected, safeguarded or otherwise being benefited by the acts of his co-executors." This, it seems to us, is the pertinent inquiry. There is nothing in the pleadings to the con-

421

trary and, indeed, respondent's counsel on oral argument conceded that the estate is being properly administered; his sole contention, as stated in his brief, is that respondent is not versed in legal matters and therefore is entitled to be advised "as to the propriety, legality and benefits to the estate of the acts of the majority co-executors, or their failure to act, . . . so that he will be made to know when and how he should take action to protect the estate and to fulfill his personal responsibility." This is merely another way of saying that respondent feels he is entitled to have independent counsel available to check upon the decisions taken by the other co-executors. We know of no cases in Illinois authorizing a single co-executor to employ independent legal counsel; indeed, cases on this issue are rare. Nor are we aware of decisions in any jurisdiction where the issue was raised during the course of administration; in two of the cases cited by respondent the question arose upon application for or approval of attorneys' fees at the closing of estates which involved payment for services already performed by attorneys. In re Scott's Estate, 1 Cal. App. 740, 83 Pac. 85, and Wilkinson v. McCall, 247 Ala. 225, 23 So.2d 577. In the latter case, the co-executor appointed by the court reluctantly agreed to act after two individuals and two banks refused to do so because, as the reviewing court pointed out, "of a bitter family dispute which has produced much litigation. Appeals involving other phases of the litigation have been submitted to this court." In In re Delaplaine's Estate (Sur. Ct., N. Y. Co.), 3 N. Y. Supp. 202, the only other case cited by respondent on this point, the court allowed each of the executors to employ an attorney and allowed services rendered by each of them to be paid out of the estate; but in a later New York decision, In re Dunlop's Estate (Sur. Ct., N. Y. Co.), 142 N. Y. Supp. 286, the court said that he could not regard the

Delaplaine decision as controlling and pointed out the rationale of his conclusion as follows: "If each of the three executors of an estate may retain an attorney, and the fees of all the attorneys are to be paid out of the estate, there would not only be a conflict of authority in the administration of the estate, but there would also be a possibility that the ingenuity of the various attorneys would be exercised in an endeavor to gain technical advantages and impress their respective clients with the importance of their advice, rather than in an honest effort to settle the estate expeditiously and economically. While executors are entitled to the services of a competent lawyer, the employment of additional lawyers by the individual executors should be regarded by the court with disfavor, and compensation out of the estate should not be allowed to such lawyers unless it appears to the satisfaction of the court that their employment was necessary for the protection of the interests of the legatees. If the executor so employing additional counsel has an individual interest in the estate as legatee or devisee, the employment will be presumed to have been made for the protection of the individual interest, and the value of such services should not be allowed out of the estate."

■ The right to independent counsel by a co-executor is not a factual issue in this proceeding; the Superior Court held that he was entitled to that right as a matter of law. Nevertheless, respondent sets forth in his brief and argues the relationship of the parties as a basis for employing independent legal counsel. He emphasizes the dual relationship of Allen H. Schultz as attorney and co-executor. There is nothing in the law of this state that prohibits an executor or co-executor from also acting as an attorney for the estate; a possible issue which this dual relationship might raise relates to attorneys' fees; and neither Schultz nor his law partner has received any fees

423

from the estate, nor have they sought any. The averments that Schultz is president and chairman of the board of directors of Canadian Ace Brewing Company and its legal counsel, and that he is also secretary, a director and the manager of the Seneca Hotel as well as its legal counsel, afford no basis for apprehension that the estate, which includes among its assets these two corporations, will not be properly administered. Schultz was for years associated with the testator in the operation of these companies; he was an officer of and attorney for both corporations at the request of the testator since 1945, and at the time the will was drawn, and when testator died, he was acting in these capacities. Evidently the testator reposed confidence in him. Further, there is nothing of record suggesting that Schultz's relationship to these companies has prejudiced the estate, the heirs or his co-executors.

██ The function of an executor is to administer the assets of an estate to the end that all debts and obligations are paid, and all beneficiaries and heirs receive their just and proper benefits from the estate in an orderly and expeditious manner. As heretofore indicated, conduct of co-executors detrimental to this end is subject to review by the Probate Court. As to grievances which might arise here from an honest difference of opinion between two co-executors on the one hand and a third on the other, they would in any event be resolved by the majority opinion under the provisions of the will and established principles of law. The testator obviously recognized the possibility of a difference of opinion among the co-executors when he provided for majority control; any executor who is in the minority will not change his status by the employment of additional counsel.

With respect to respondent's cross-appeal, it is urged that the Superior Court should have gone beyond the order entered and provided in addition that the Messrs.

Levitan be substituted in place of H. Burton Schatz as attorneys for respondent, nunc pro tunc as of August 7, 1956, the date of Schatz's withdrawal as counsel for respondent. However, in view of our conclusion that respondent is not entitled to independent counsel as a co-executor, this question need not be decided.

For the reasons indicated the order of the Superior Court is reversed.

Order reversed.

BURKE, P. J. and BRYANT, J., concur.