IN THE MATTER OF THE ESTATE OF
STEPHEN J. KELLEY, DECEASED.

MILDRED KELLEY HIGGINS AND JEAN KELLEY GOEH-NER, PLAINTIFFS-RESPONDENTS, v. AMERICAN NATIONAL BANK & TRUST OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 14, 1974—Decided February 5, 1974.

Before Judges LEONARD, ALLCORN and CRAHAY.

*Mr. Alfred C. Clapp* argued the cause for appellant (*Mr. Samuel Rosenblatt,* attorney).

*Mr. Samuel Saffron* argued the cause for respondents (*Messrs. Werksman, Saffron & Cohen,* attorneys; *Mr. Eugene P. Sylvester,* on the brief).

PER CURIAM. The two plaintiffs, daughters of the testator, and defendant bank are the duly appointed and qualified executors and trustees of the above-entitled estate.

Decedent's will was presented for probate jointly by attorneys John Ferguson and Howard R. Kelley. Shortly thereafter plaintiffs advised Ferguson by letter that his services were not required in the administration of the estate and his relationship therewith was terminated. When he insisted that he would continue as co-counsel and defendant bank

agreed to recognize him as such, plaintiffs instituted the present action in the County Court, Probate Division, seeking to have the court "resolve and declare" their right to remove Ferguson as co-counsel of the estate and to retain as sole counsel their choice, Kelley. Following a hearing, an order for judgment was entered removing Ferguson as attorney for the estate. Defendant appeals therefrom.

We affirm. *N. J. S. A.* 3A:6–16.2(k) and (*l*) provide that where there are three or more fiduciaries qualified to act, each one shall have the power to take any action with respect to the estate or trust, including the employment and compensation of attorneys, which a majority of such fiduciaries shall determine. Thus, plaintiffs, by a majority vote, possessed the statutory power to remove Ferguson as attorney for the estate and to employ Kelley as the sole attorney. The above construction does not deprive defendant bank of its right, if it so desires, to employ independent legal counsel to advise it in connection with its duties as co-fiduciary. However, such employment, in the first instance, shall be solely at its own expense and responsibility. See *In re Greenberg's Estate,* 15 Ill. App. 2d 414, 146 *N. E.* 2d 404, 408 (Sup. Ct. 1957) ; *Galt v. Davis,* 56 App. D. C. 53, 8 *F.* 2d 1012 (D. C. Cir. 1925) ; *In re Dunlop's Estate,* 142 *N. Y. S.* 286, 288 (Surrogates Ct. N. Y. County 1913). Whether all or any part of the fees for said attorney ultimately shall be payable from estate funds is a matter that is not presently before us. and consequently we make no ruling with respect thereto. *Cf. In re Goldstein,* 7 *N. J.* 270, 273 (1951).

Neither the testator's direction that the two attorneys act as co-counsel for the executors, nor their agreement to so act pursuant to that direction, is binding upon plaintiffs. See *Carton v. Borden,* 8 *N. J.* 352, 356–357 (1951).

Upon the record, we conclude that defendant has failed to demonstrate any compelling reason why *N. J. S. A.* 3A:6–16.2(k) and (*l*) should not control the instant situation.

Affirmed.