Cecil Atwood and Harry G. Atwood, Co-trustees Under Last Will and Testament of Hinckley G. Atwood, Deceased, Appellees, v. Commercial National Bank of Peoria, Co-trustee, Appellant.

Gen. No. 10,309.

276

Opinion filed January 4, 1949.
Released for publication January 24, 1949.

HUNTER, KAVANAGH, MCLAUGHLIN & BOND, of Peoria, for appellant.

BAER, DAVIS & WITHERELL, of Peoria, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On December 24, 1940, Hinckley G. Atwood executed his last will and testament, in which he created four trusts, one in favor of his son, Guy D. Atwood, for $50,000, one in favor of his son, Harry G. Atwood, for $‾0,000, and one for $10,000 in favor of a granddaughter, Patsy Atwood. The residue of his estate

was to be held in trust for his widow, Cecil Atwood. By his said will, Cecil Atwood, Harold G. Atwood and the Commercial National Bank of Peoria, were appointed trustees. Hinckley G. Atwood died, and his will was admitted to probate. On November 7, 1945, the court approved the appointment of the trustees heretofore mentioned, and the said trustees took possession of the estate and are administering the trust, which is now of the value of approximately $627,000. All of the assets are in good securities and cash.

On October 17, 1947, pursuant to a written notice previously given, a meeting was held in the office of the Commercial National Bank of Peoria, which was attended by George L. Luthy, president of the trustee bank, Sylvan L. Olson, vice-president, Charles W. Eliason, Jr., trust officer, and Eugene McLaughlin, attorney for the Commercial National Bank of Peoria and Cecil Atwood and Harry G. Atwood, as trustees aforesaid, and Theodore C. Baer and Harry E. Witherell their attorneys. At said meeting, Harry G. Atwood acted as chairman, and in the course of the meeting moved the adoption of the following resolution: "Whereas, the Late Hinckley G. Atwood in his Last Will and Testament devised and bequeathed all assets of his estate remaining after payments of debts, funeral expenses and expenses of administration, to Cecil Atwood, Harry G. Atwood and Commercial Merchants National Bank and Trust Company of Peoria, Illinois, as Trustees, and provided that from such assets the following trusts should be established:

"1. Harry G. Atwood Trust, consisting of $50,000.00 in assets;

"2. Guy D. Atwood Trust, consisting of $50,000.00 in assets;

"3. Patsy Atwood Trust, consisting of $10,000.00 in assets;

"4. Cecil Atwood Trust, consisting of the residue of the estate, and

"Whereas, the trusts above named have been established by the Trustees, and the Co-Trustee, Commercial Merchants National Bank and Trust Company (now known as the Commercial National Bank of Peoria) is now in physical possession of all of the assets so held in trust, and

"Whereas, in and by said Last Will and Testament of Hinckley G. Atwood, he did not in any way designate the place where the assets of said Trusts should be kept and the Trustees desire to designate a depository for the funds and assets of the Trust Estate aforesaid, and

"Whereas, Jefferson Trust and Savings Bank of Peoria maintains a modern banking house in the City of Peoria, County of Peoria, and State of Illinois, and is duly qualified to act as a Trust Company under the laws of the State of Illinois,

"Now, Therefore, be it Resolved by the Trustees under the Last Will and Testament of Hinckley G. Atwood, deceased, that Jefferson Trust and Savings Bank of Peoria be and it is hereby designated as the depository for all the funds, property and assets forming any part of the Trust Estates aforesaid (other than real estate) and that the funds now on hand in each of said Trusts shall forthwith be deposited in said Jefferson Trust and Savings Bank of Peoria and the Trustees shall forthwith rent a safe deposit box or boxes at said Jefferson Trust and Savings Bank of Peoria and place in such box or boxes for safe keeping all securities and other papers and documents of value belonging or relating to said Trusts and the Trustees shall have control of said Trust funds and securities and shall keep a proper record of all transactions had relative thereto.

"Be it Further Resolved that the Trustees take such steps as may be necessary to carry out the transfer of the funds, assets and securities aforesaid in the manner hereinabove provided.

"Said motion was seconded by Petitioner Cecil Atwood in her capacity as trustee as aforesaid, and upon roll call being had, Petitioners Harry G. Atwood and Cecil Atwood, trustees as aforesaid, voted in favor of said resolution and said Commercial National Bank of Peoria through its aforesaid representatives, announced it was not voting, whereupon Petitioner Harry G. Atwood, in his capacity as Chairman of the meeting, declared the resolution adopted."

On Oct. 22, 1947, Cecil Atwood and Harry G. Atwood demanded of their co-trustee, Commercial National Bank of Peoria, that it comply with the resolution adopted by the trustees at their meeting of October 17, and that they transfer the assets of the trust to the Jefferson Trust and Savings Bank of Peoria, Illinois, and place the assets of the same in safe deposit boxes in said bank. The bank refused to comply with this request, and the two trustees, Cecil Atwood and Harry G. Atwood, started a suit in the circuit court of Peoria county for a writ of mandamus to compel the Commercial National Bank of Peoria, as trustee, to transfer the assets of the trust to the Jefferson Trust and Savings Bank of Peoria, as declared by the resolution adopted of October 17, 1947. The Commercial National Bank of Peoria filed its answer and questioned the legality of the resolution heretofore adopted by the trustees. The case was tried before the court and an order was issued directing the defendant bank to comply with the resolution as adopted and transfer the funds to the Jefferson Trust and Savings Bank of Peoria, Illinois. It is from this order that an appeal has been perfected.

Authority under which the meeting was held, and the resolution adopted is governed by par. 33 of ch. 148 of the 1947 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 135.05(1d)], which provides: "When more than two trustees are required to execute a trust, a majority of

the trustees shall be competent to act in all cases, after written notice of the time and place of the meeting at which such contemplated action is to be taken has been given to each of the trustees at least five days before any action is taken, unless the instrument or authority creating the trust shall otherwise provide.''

The appellant argues that this statute should be construed narrowly so that it would protect innocent parties in their dealings with multiple trustees, and cites many cases stating that the old common law and the early rule in the State of Illinois to be that trustees had to act as a unit, and that the acts of less than all were void and unforcible.

The statute in question was adopted by the legislature in 1935. It will be observed that the Atwood will was executed by the testator on the 24th day of December 1940. The statute being in full force and effect at the time the will was made and the trust created, it must be presumed that the testator knew the provisions of the law relative to trusts when he created the same. By his will, he appointed his wife, a son and the Commercial National Bank of Peoria, as co-trustees, and he must have had faith and confidence in each and all of them, that in all of their acts they would comply with the law and act only in the interests of the trust. The statute is plain and unambiguous, and it is our conclusion that the majority of the trustees, whether it was two individuals, or one of the individuals and the bank, could control the actions and the policy of directing and investing the proceeds of the trust.

The appellant has cited as authority that the trustees must act as a unit to make their acts legal, the cases of *Dingman v. Boyle,* 285 Ill. 144; *Wilson v. Mason,* 158 Ill. 304; *Pennsylvania Co. v. Bauerle,* 143 Ill. 459 and *Coleman v. Connolly,* 242 Ill. 574. These cases would be authority for their contention if it were not for the statute in question, but the latest one of

these cases was decided by our Supreme Court in 1918, long before the statute was passed, so that these cases can have no bearing upon the question involved in this suit.

It is argued strenuously by the defendant bank, that they being a trust company, and having on deposit the cash, which amounts to about $65,000 belonging to the trust, and the other securities in their possession, that the trust funds are protected by the safeguards created by Federal and State statutes for trust funds, and if they are compelled to transfer the assets of the trust to another bank, that the trust will lose the benefit of this guarantee. We are impressed with this argument that there is merit in it, in this particular case, but as before stated, Mr. Atwood, when he created the trust, appointed people that he wanted to administer it, and no doubt it was his wish that they would all act harmoniously, but if they did not agree on certain matters, then under the law, a majority of them would be competent to act, and their acts would be binding on the trust.

It is also insisted that the exception, in the act itself is binding in this case, because Mr. Atwood, by his will, required that the trustees act unanimously. From a reading of the will, we can find no language that seems to sustain this contention.

It is our conclusion that the trial court properly held that the resolution adopted by a majority of the trustees on October 17, 1947, was binding upon the trustees, and it properly directed the Commercial National Bank of Peoria as co-trustee to comply with the resolution. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*