---

(No. 12109.—Reversed and remanded.)
GEORGE W. DINGMAN, Defendant in Error, *vs.* LAWRENCE P. BOYLE, Plaintiff in Error.

*Opinion filed October 21, 1918.*

1. TRUSTS—*all the trustees named must join in exercising their joint power.* In executing their joint power all the trustees named in a will must join, and a contract signed by three of the four trustees named in a will and a fourth person who was named to act as trustee in case of a vacancy is not valid unless it is shown affirmatively that the vacancy had occurred and that the fourth person had qualified as trustee.

2. CONTRACTS—*invalidity of contract of sale may be urged as a defense to suit for commissions.* The invalidity of a contract for an exchange of real estate because of an improper execution thereof by the trustees of an estate may be shown by the other party to the contract as a defense to a suit for commissions by the broker who procured the contract.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.

S. E. LAMBERT, and W. F. MAYER, for plaintiff in error.

JOHN M. SWEENEY, and CHARLES P. R. MACAULAY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The municipal court of Chicago entered judgment in favor of defendant in error, George W. Dingman, against plaintiff in error, Lawrence P. Boyle, for $1500, for commissions on a real estate transaction. The Appellate Court for the First District affirmed that judgment, and the case has been brought to this court by petition for *certiorari.*

On May 15, 1916, the estate of George A. Springer was the owner of certain real estate on Forest avenue, in Chicago, improved with eight residences, and plaintiff in error, Boyle, was the owner of a building used for apartments, stores and offices at the corner of Estes avenue and North Clark street, in Chicago. Through the medium of defendant in error, Dingman, a written contract was entered into between certain trustees of said estate and Boyle for the exchange of these properties. Among other things this contract contained this provision: "Springer estate to pay no commission. Lawrence P. Boyle agrees to pay a brokerage commission of $1500 to George W. Dingman." By reason of various matters which came up thereafter between the representatives of the Springer estate and Boyle, apparently the deeds to the properties were never exchanged.

Plaintiff in error relies upon the following grounds as justifying him in the refusal to pay commissions to defendant in error: First, that the contract entered into between Boyle and the representatives of the Springer estate was in-

285 – 10

valid and unenforceable as a contract for exchange of properties; second, that the alleged contract with the plaintiff in error was unenforceable because Dingman had failed to procure a broker's license under a city ordinance of Chicago; third, that the contract sued upon was not the contract of Boyle; and fourth, that Dingman had failed to procure for Boyle a loan of $16,000, in violation of a promise made in a separate paper which was a material part of the original contract.

The evidence shows that the contract entered into by Boyle and the representatives of the Springer estate was executed by the parties in the following manner:

"Edward L. Springer,    (Seal)
Frank G. Springer,    (Seal)
Ada E. Springer,    (Seal)
Simeon Loudenback,    (Seal)
As trustees under the will of George A. Springer, Dec'd,
Lawrence P. Boyle.    (Seal)"

A certified copy of the will of George A. Springer, deceased, was introduced in evidence. The said will, among other things, bequeathed certain real and personal property to Frank G. Springer, Charles E. Springer, Edward L. Springer and Ada E. Springer, "to have and to hold the same upon the following express trusts," stating at some length the provisions with reference to carrying out said trusts. The will then further provided: "In case of the death, resignation or refusal to act of either of my said trustees before named, I direct that when a vacancy is thereby created, my son-in-law, Simeon Loudenback, shall be the trustee in his or her stead when the first vacancy occurs, upon the same terms and conditions and with the same bond as is required of each of the four trustees originally appointed hereunder. * * * Said trustees shall meet and confer together with reference to the discharge of their duties and the management of said estate from time to time, at intervals of not more than one month apart; and I direct the active duties of said trustees shall be assumed

in the first instance by the said Frank G. Springer, Charles
E. Springer, Edward L. Springer and Ada E. Springer, and
they shall continue to so exercise the same during good be-
havior, or until their removal as such trustees by a court of
competent jurisdiction, or until their death or resignation
as such trustees. Whenever they shall cease to be such
active trustees, Simeon Loudenback shall supply any va-
cancy that may exist."

Charles E. Springer, while named as an active trustee
in the will, does not appear among the signers of the con-
tract. Simeon Loudenback signed the contract as trustee of
the estate. Edward L. Springer, one of the trustees, tes-
tified on the trial and was shown the contract. He said in
answer to a question: "I know the signatures of the trus-
tees on plaintiff's Exhibit 1. They are Edward L., Frank
G., Ada E. and Charles E. Springer and Mr. Loudenback."
It is clear from reading his testimony that he was not tes-
tifying as to who were the trustees but only as to the sig-
natures, and it is obvious that his testimony is not strictly
accurate, because Charles E. Springer did not sign the con-
tract and Loudenback did. It is obvious, also, under the
provisions of the will above quoted, that Loudenback would
have no right to sign if all the other four trustees named
in the will were still acting as trustees.

It is earnestly argued by counsel for plaintiff in error
that the will did not authorize the executors or trustees of
the George A. Springer estate to make this trade. In view
of the conclusion we have reached on another branch of this
case it is unnecessary for us to consider or decide that ques-
tion. "Where there are several co-trustees, they all form,
as it were, one collective trustee, therefore they must per-
form their duties in their joint capacity, even in making a
purchase. In law there is no such person as an acting trus-
tee apart from his co-trustees. All who accept the office
are acting trustees. If one trustee who has accepted refuses
to join in the proposed act, or is incapable, the others can

not proceed without him but an application must be made to the court." (1 Perry on Trusts,—6th ed.—sec. 411.) "All the executors who qualify must join in executing a testamentary power of sale or purchase. * * * It follows that the actual title of an executor must be established and that the presumption of regularity accorded to official acts does not aid his proceedings." (*Wilson* v. *Mason,* 158 Ill. 304.) "The powers vested in trustees must be executed strictly, and where a trust or power is delegated to two or more, jointly, for mere private purposes, the concurrence of all who are intrusted with the power is necessary to its due execution; and this rule applies as well to trusts coupled with an interest as to cases of mere naked powers." (*Pennsylvania Co. etc.* v. *Bauerle,* 143 Ill. 459.) "The power of sale conferred upon the trustees and executrices must be presumed to have been conferred by reason of the trust and confidence reposed in them by the testator, and could be executed only by all those upon whom it was conferred, acting jointly." *Coleman* v. *Connolly,* 242 Ill. 574. See, also, to the same effect, 39 Cyc. 307; 11 R. C. L. 405, and authorities cited; *Morville* v. *Fowle,* 144 Mass. 109.

This court in *Coleman* v. *Connolly, supra,* quoted with approval from *Pennsylvania Co. etc.* v. *Bauerle, supra,* the rule of law that one of several executors to a will cannot exercise a power of sale under it unless it is shown that the others refused to act, and "such refusal must be shown positively and affirmatively, and some unequivocal manifestation by the executors named must be given in order to divest themselves of the rights, duties and powers conferred, not by the law, but by the act and will of the testator."

It seems to be assumed by counsel for defendant in error, as it is by counsel for plaintiff in error, that Charles E. Springer qualified as trustee under the will of his father, George A. Springer, and there is nothing in the record to indicate that he had resigned or had refused to act, and there is no proof of any kind to indicate that Simeon Lou-

denback had qualified to act, as required by the provisions of the will. There can be no presumption, under the authorities already cited, that Springer had resigned and that Loudenback had qualified. It is clear from the wording of the will that the testator intended to have all his trustees act jointly and that there must be a vacancy before Loudenback could act as a trustee. To make the contract between the Springer representatives and plaintiff in error, Boyle, enforceable, it must be signed not only by the three Springer trustees who did sign, but also by Charles E. Springer, or his failure or refusal to act and the qualification of Loudenback should have been shown affirmatively by competent evidence. As was held by this court in *Wilson* v. *Mason, supra,* under somewhat similar conditions, so it must be held here, that, so far as shown by this record, the contract in question was not valid and was not enforceable by plaintiff in error against the executors and trustees of the George A. Springer estate. Under the reasoning of this court in *Wilson* v. *Mason, supra,* and *Gary* v. *Newton,* 201 Ill. 170, plaintiff in error could raise in this proceeding the invalidity of the contract in question. If the contract was invalid and unenforceable, defendant in error, Dingman, could not recover commissions on account of its execution.

Counsel for defendant in error argue in their brief that there was no assignment of errors attached to the record of the municipal court that was filed in the Appellate Court and that no assignment of errors was made in this court. Counsel are in error on both these points. The assignment of errors on the record of the municipal court is found in the record filed in the Appellate Court but misplaced a page or two from where it is ordinarily found. The assignment of errors in this court is found on pages 241 and 242 of the record.

Some other questions are raised by counsel for defendant in error as to imperfections in the record before us, but in view of the conclusion reached on the invalidity of

the contract in question we find it unnecessary to consider or pass upon such other questions.

The judgments of the Appellate and municipal courts will be reversed and the cause remanded to the municipal court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*