LYTLE, EX'R *v.* ZEBOLD, EX'R.

5-2681                                                                357 S. W. 2d 20

Opinion delivered May 7, 1962

[Rehearing denied June 4, 1962]

*Brockman & Brockman,* for appellant.

*Coleman, Gantt & Ramsay* and *John Harris Jones,* for appellee.

GEORGE ROSE SMITH, J. W. W. West died testate in 1953. His will created a trust and directed that the trust income be paid to, or accumulated for, eight named life beneficiaries. Upon the death of the last surviving life beneficiary the trust property is to be distributed among the lineal descendants of those life beneficiaries who were kin to the testator by blood. Other details of the testamentary trust may be found in an earlier opinion involving this same will. *Lytle* v. *Zebold*, 227 Ark. 431, 299 S. W. 2d 74.

To discourage a will contest the testator directed that if any of the beneficiaries of the will should institute proceedings to nullify, change, or restrict any of its provisions, or should do any act for the purpose of impairing, setting aside, or invalidating any of its provisions, then those beneficiaries would be excluded from participation in the estate, the provisions in their favor would be void, and the trust property would ultimately go to the beneficiaries who had not violated this particular provision of the will.

The present proceeding is a petition for instructions filed by the appellee as the sole remaining executor and trustee under the will. The petition asserts that trust income is available for distribution among the life beneficiaries, but the trustee is unwilling to distribute the money until the probate court first determines whether five of the life beneficiaries forfeited their interest in the trust by filing the proceedings in *Lytle* v. *Zebold*, *supra*. After a hearing in the matter the court held that the first proceeding violated the no-contest paragraph in the will and effected a forfeiture of the rights of the five complaining beneficiaries. This is an appeal by the persons disqualified by the judgment.

The court's decision was correct. The validity of such a prohibition against attacks upon the will is generally recognized and was upheld by this court in *Ellsworth* v. *Ark. Nat. Bk.*, 194 Ark. 1032, 109 S. W. 2d 1258. Since the testator may leave his property to anyone he chooses he is at liberty to exclude from his

bounty those beneficiaries who unsuccessfully seek to thwart his testamentary wishes.

We cannot agree with the appellants' insistence that the earlier proceeding sought merely a construction of the will rather than its invalidation. There the dissatisfied beneficiaries contended that the testamentary trust was invalid and that the property should be distributed as if the testator had died intestate. Our opinion discussed and rejected three separate attacks upon the validity of the testamentary scheme. We cannot avoid the conclusion that the first petition was the very type of proceeding that the testator intended to forbid.

As a matter of fact, in the case at bar the appellants are making still another attack upon the validity of the trust. By this will the testator devised and bequeathed his residuary estate to his executors and trustees and then went on to outline the terms of the trust. In assailing this procedure the appellants rely upon the rule that an attempted limitation over after a fee simple devise is void for repugnancy. *Bernstein* v. *Bramble,* 81 Ark. 480, 99 S. W. 682, 8 LRANS 1028, 11 Ann. Cas. 343. This rule is inapplicable here, for the testator's description of his testamentary trust is not a limitation over that is repugnant to the vesting of title in the trustees. It would obviously be impossible for any settlor to create a trust if he could not state the terms and conditions upon which the title was being placed in the name of the trustees.

A third contention is that the executor, under the counterclaim statute, should have asserted a forfeiture of the appellants' interest in the first case and cannot do so now. Ark. Stats. 1947, § 27-1121. This contention is unsound. It was not until this court had announced its decision in the first proceeding that it became definitely known that the appellants had made an unsuccessful rather than a successful attack upon the will. Before the final judgment the issue was in doubt. Hence when the executor filed his answer he was not in a position to assert that the appellants had violated the prohibition against a will contest. By analogy, as the

appellee aptly points out, one who is wrongfully and maliciously made a defendant in a civil proceeding does not have to assert a claim for malicious prosecution in that very suit. It is not until the first case has been carried to its conclusion that the cause of action for malicious prosecution can be shown with certainty.

Attacks are also made upon the manner in which certain trust property was sold by the trustee. The appellants, having forfeited their interest in the estate, are not in a position to question the trustee's conduct. We may assume that the appellants' action did not affect the rights of the other trust beneficiaries, including these appellants' lineal descendants, but those beneficiaries have not questioned the manner in which the property was sold.

Affirmed.

HARRIS, C. J., not participating.