George H. DUNKLIN Jr., Co-Executor of the Estate of Hattie
Boone Black, Deceased *v.* Louis L. RAMSAY Jr., Lester Asher
McKinley, Warren A Jennings Jr., and Georgea Boone
McKinley Greaves, as Co-Executors of the Estate of Hattie
Boone Black, Deceased

96-471                                          944 S.W.2d 76

Supreme Court of Arkansas
Opinion delivered April 28, 1997

Malcolm R. Smith and *Friday, Eldredge & Clark*, by: *William A. Waddell, Jr.*, and *J. Lee Brown*, for appellant.

*Russell D. Berry* and *Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *Leonard L. Scott*, for appellees.

DONALD L. CORBIN, Justice. This appeal is from an order of the Arkansas County Probate Court, Southern District, holding that Appellant George H. Dunklin Jr., co-executor, did not have standing to challenge the petition for partial distribution of the estate of Hattie Boone Black, filed by the majority of the co-executors of the decedent's estate. This court has jurisdiction to hear the appeal on the basis that it presents an issue of first impression requiring us to interpret an act of the General Assembly. Ark. Sup. Ct. R. 1-2(a)(17)(i) and (vi) (as amended by *per curiam* order July 15, 1996). We find no error and affirm the judgment of the probate court.

The pertinent facts of this case are not in dispute. Miss Hattie Boone Black died on February 5, 1993, and left as her last will and testament an instrument dated July 22, 1988, which nominated and appointed Appellant and all four Appellees, Louis L. Ramsay Jr., Lester Asher McKinley, Warren A. Jennings Jr., and Georgea Boone McKinley Greaves, as executors of the estate. The will also listed the surviving heirs and devisees of the decedent as Georgea Oliver McKinley and Elisabeth Black Dunklin, both sisters of the decedent, and the Hattie Boone Black Testamentary Trust. All five of the executors named in the will were additionally named as trustees of the foregoing testamentary trust,

with three of the five, namely Appellant and Lester Asher McKinley, both nephews of the decedent, and Georgea Boone McKinley Greaves, niece of the decedent, being beneficiaries of the trust. The will provided that the powers granted to the trustees were to be exercised by a majority of the trustees entitled to vote with respect to the particular issue involved. Additionally, subsection (h) of Article III of the will included an *in terrorem* clause, which provided that any named beneficiary who contested or disputed the probate of the will would forfeit his or her interest in the estate.

On February 8, 1993, the executors filed a petition for probate of the will, which was granted that same date. On November 30, 1994, Appellees filed a petition for partial distribution of the estate. Appellant responded to the petition with an objection to the Appellees' interpretation of Article II of the decedent's will, which provided in pertinent part:

> I give and bequeath all of my personal property, whether tangible or intangible (with the sole exception of all common stock in Black, Inc., and in all other corporations, owned by me at the time of my death), to my sister, Georgea Oliver McKinley.

In their petition for partial distribution, Appellees stated that a majority of the co-executors had agreed that this bequest should be construed to include all tangible and intangible personal property belonging to the decedent at the time of her death except for the decedent's stock in Black, Inc., since that was the only corporation that was owned by the decedent at the time of her death. Appellant was the sole dissenter, asserting that the parenthetical clause included all common stock in Black, Inc., as well as any other corporations in which the decedent had an ownership interest. In other words, the dispute here centers around the question of whether the reference to the decedent's ownership in the parenthetical clause applies to her ownership of any common stock or her ownership in whole of any corporation.

Appellees filed a motion for summary judgment requesting the probate court to dismiss Appellant's response on the ground that he had no standing as a co-executor to contest or resist the construction agreed upon and sought by the majority of the exec-

utors. Appellees included in their motion a portion of the interrogatories posed to Appellant in which Appellant indicated that he was seeking an interpretation or construction of the will solely in his capacity as co-executor.

Appellant responded to the motion by stating that he had standing to request a construction of the will, as provided in Ark. Code Ann. § 28-26-101(b) (1987), as an "interested person" due to his status as a fiduciary. Appellant cites as authority Ark. Code Ann. § 28-1-102(a)(11) (1987), which defines "interested persons" as including "any heir, devisee, spouse, creditor, or any other having a property right, interest in, or claim against the estate being administered, and a fiduciary[.]"

In their reply, Appellees asserted that Appellant was not acting as an "interested person," but rather as a co-executor. Appellees further argued that as a dissenting co-executor, Appellant had no power to act contrary to the will of the majority of the executors pursuant to Ark. Code Ann. § 28-48-104(a) (1987), which provides:

> Unless otherwise provided by will, the powers given to two (2) personal representatives may by exercised only by their joint action, and *powers given to more than two (2) personal representatives may be exercised only by the joint action of a majority of them.* [Emphasis added.]

A hearing was held on the motion, and the probate court ruled that Appellant's objection to the majority's interpretation of the will was overruled on the basis that a dissenting co-executor has no standing to object to the majority's actions under existing law. This appeal followed.

■■ As provided in Ark. Code Ann. § 28-1-116 (1987), a right to review by this court lies from all probate court orders, with a few exceptions not applicable to this case. Section 28-1-116(a), (b); *In re Guardianship of Vesa,* 319 Ark. 574, 892 S.W.2d 491 (1995). We review probate matters *de novo* on appeal, but we will not reverse the findings of the probate judge unless they are clearly erroneous. *Wells v. Estate of Wells,* 325 Ark. 16, 922 S.W.2d 715 (1996); *White v. Welsh,* 323 Ark. 479, 915 S.W.2d

274 (1996). In an appeal from the grant of summary judgment, all of the facts and circumstances are viewed in a light most favorable to the party against whom judgment was entered. *Mangum v. Estate of Fuller*, 303 Ark. 411, 797 S.W.2d 452 (1990).

█    The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Bill Fitts Auto Sales, Inc. v. Daniels*, 325 Ark. 51, 922 S.W.2d 718 (1996). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Stucco Plus, Inc. v. Rose*, 327 Ark. 314, 938 S.W.2d 556 (1997).

In support of his argument on appeal, Appellant asserts that: (1) He is a fiduciary, by way of his status as a co-executor, and as such he may petition the probate court to construe the will as provided in section 28-26-101 and (2) the probate judge's ruling deprived him of any meaningful right to seek a construction of the will or to contest Appellees' petition in that any attempt by him to contest the petition as a legatee or beneficiary would subject him to the repercussions of the *in terrorem* clause of the will.

Appellees contend that it is plainly evident from the language of section 28-48-104 that power may only be exercised by the joint action of a majority of an estate's "personal representatives," which is defined in section 28-1-102(a)(19) as executors or administrators. In support of their position, Appellees cite us to the case of *In re Greenberg's Estate*, 146 N.E.2d 404 (Ill. App. 1957). The issue in that case was whether a single co-executor had the right to hire independent counsel in his capacity as co-executor contrary to the express opposition of a majority of the co-executors.[1] The Illinois appeals court held that although the dissenting co-executor was free as an individual to seek independent counsel at his own expense, he did not have the power to obtain his own counsel at the expense of the estate. The court went on to hold:

---

[1] The decedent's will in that case contained a directive that provided for majority control by the co-executors.

> Apart from the directive of the will providing for majority control, the salutary principle of law as enunciated in *Dingman v. Boyle*, 285 Ill. 144, 120 N.E. 487, *Coleman v. Connolly*, 242 Ill. 574, 90 N.E. 278, and *Wilson v. Mason*, 158 Ill. 304, 42 N.E. 134, is that co-executors and co-trustees must act as an entity in matters pertaining to the administration of the estate; any other rule would lead to confusion and chaos and create unnecessary charges against estate funds. . . . If each co-executor were to be allowed independent counsel, it could well be that in the approach to every decision there would be as many opinions as co-executors.

*Id.* at 408. Although the present case does not involve an identical issue, the analysis provided by the Illinois appeals court against such individual power is clearly applicable to the question presented here.

Appellees contend further that, for purposes of seeking a construction of the decedent's will, Appellant is not an "interested person" as contemplated by section 28-26-101, because his status as a fiduciary is wholly dependent upon his status as a co-executor. Appellees do not dispute that Appellant has the right to petition the probate court for a construction of the decedent's will in his capacity of legatee or beneficiary, although he must do so at the risk of losing his interest in the proceeds of the will. Appellees contend, however, that if Appellant has been deprived of any meaningful right for construction of the will by the *in terrorem* clause, as he claims, it is the result of the decedent's wishes, as opposed to the ruling by the probate court.

We conclude that the plain language in section 28-48-104 clearly mandates that in situations where there are more than two executors of a decedent's estate, the powers given to them may be exercised *only* by the joint action of a majority of them, unless otherwise provided by the will. The language on the face of the statute is clear and, thus, there is no need for further interpretation of the statute. Additionally, we are not persuaded by Appellant's argument that he may nonetheless petition for construction of the will in his capacity of fiduciary, as we conclude that his status as fiduciary is wholly dependent upon his status as co-executor.

■ As for Appellant's contention that he is deprived of any meaningful opportunity to seek interpretation or construction of the will due to the harsh repercussions of the *in terrorem* clause, we agree with Appellees' assertion that any such deprivation was arranged by the decedent herself, not the probate judge. This court has previously reviewed such *in terrorem* clauses and has consistently held that such clauses are valid. *See, e.g., Jackson v. Braden,* 290 Ark. 117, 717 S.W.2d 206 (1986); *Lytle v. Zebold,* 235 Ark. 17, 357 S.W.2d 20 (1962); *Ellsworth v. Arkansas Nat'l Bank,* 194 Ark. 1032, 109 S.W.2d 1258 (1937).

■ Based upon the foregoing analysis, we affirm the order of the probate court holding that Appellant, in his capacity as co-executor, lacked standing to oppose the action of the majority of the executors and the majority's interpretation or construction of the decedent's will.

Affirmed.

G. WILLIAM LAVENDER, RICHARD LUSBY, and WALTER L. SKELTON, Sp.JJ., join in this opinion.

JOHN HARRIS JONES, Sp.C.J., and RICHARD C. KALKBRENNER, Sp.J., dissent.

ARNOLD, C.J., NEWBERN, GLAZE, BROWN, and THORNTON, JJ., not participating.

JOHN HARRIS JONES, Special Chief Justice, dissenting. This appeal relates to construction of the Will of Hattie Boone Black, primarily Article II:

> I give and bequeath all of my personal property, whether tangible or intangible (with the sole exception of all common stock in Black, Inc., and in all other corporations, owned by me at the time of my death), to my sister, Georgea Oliver McKinley.

Article III willed the residue to a Trust of which the life beneficiaries were decedent's nieces, Mary McKinley Jennings, Georgea Boone McKinley Greaves, and Deborah Boone Dunklin Tipton, and her nephews, Lester Asher McKinley and George H. Dunklin, Jr., with remainder over to their descendants.

The parties to this action are the Appellant, George H. Dunklin, Jr., and the Appellees, Louis L. Ramsay, Jr., Lester Asher McKinley, Warren A. Jennings, Jr., and Georgea Boone McKinley Greaves, all of whom are Co-Executors of the Will as well as Co-Trustees of the Trust under the Will.

The issue on appeal is whether the Probate Court erred in ruling that Dunklin in his capacity as one of the five Co-Executors had no standing to ask the court to construe the Will.

Contentions of the parties and their supporting arguments, recurring in the appellate briefs, were set forth in the pleadings and memoranda, hereinafter summarized. Agreement on some points was reached during hearing on a Motion for Summary Judgment filed by Appellees and later granted by the Probate Court, dismissing Appellant's Response to the Petition for Partial Distribution.

Appellees as Co-Executors petitioned the Probate Court for partial distribution reciting that a majority of the Co-Executors had agreed that the bequest under Article II should be construed to include all tangible and intangible property of decedent except for her stock in Black, Inc., further stating that the fifth Co-Executor, the Appellant, "has expressed some doubt regarding the proper construction of this provision."

The Petition also asserted, "All persons interested in the decedent's estate and the designated beneficiaries of the trust described in Article III have received notice of the filing of this Petition or have filed herein their written Waivers of Notice thereto[.]"

Attached was Exhibit A indicating the specific properties to be distributed and their valuations on the Estate Tax Return.

Appellant as one of the Co-Executors responded to the Petition asserting his belief the Will is clear on its face that all common stock owned by decedent in Black, Inc., and all other corporations should be distributed to the Trust rather than to Mrs. McKinley.

Appellees then filed Motion for Summary Judgment that the four executors "have construed the Will of decedent herein to bequeath to Georgea Oliver McKinley all of decedent's tangible and intangible personal property except her stock in Black, Inc.,. . . . Respondent herein has no standing as co-executor to contest or resist the construction agreed upon or sought by the other four executors." Under Ark. Code Ann. § 28-48-104 (1987) powers of the personal representatives "may be exercised only by the joint action of a majority[.]" Prayer was for summary judgment dismissing Appellant's Response.

In responding to the Motion, Appellant asserted that under Ark. Code Ann. § 28-26-101 (1987) construction of a will is made by the court, although petition for construction may be filed by executors as done in this case. Powers under Ark. Code Ann. § 28-69-304 (1987) and under the Will do not include construction of a will.

Appellees replied, "Petitioners do not claim that they have the power to construe the Will. . . . [T]hey do have the power, as co-executors, to file a petition asking the Court to construe it as the majority construes it. George H. Dunklin, Jr., . . . as a dissenting co-executor, has no power to the contrary." A supporting memorandum cited authority including "when administration of a trust is vested in co-trustees, they form but one collective trustee and must exercise their powers jointly. . . 76 A.L.R.2d Trusts § 348, p. 325. See also Restatement 2d, Trusts, § 194." The memorandum continued:

> All we do here is question the authority of George H. Dunklin, Jr. as a dissenting co-executor. He may not act contrary to the other co-executors in filing a petition, whether it be for construction of the Will, . . . or whatever. . . . He has full rights individually and every other individual legatee under the Will has such rights, but he has no more rights as co-executor than any other stranger to the estate.

Appellant in a memorandum responded: The court under Ark. Code Ann. § 28-26-101 has authority to construe the will; a construction is necessary before the petition may be determined. Under § 28-26-101 the Court may construe a will on petition of

an interested party, defined under § 28-1-102(a)(11) to include a fiduciary. As a fiduciary Appellant has the right to disagree with the construction urged by Appellees and present his construction to the Court. Served with the petition he had standing to respond.

Hearing was held upon the Motion for Summary Judgment, at which the arguments of counsel reiterated the positions summarized above from the pleadings and memoranda with some additional agreement on issues. Mr. Berry made the principal statements on the contentions of Appellees while Mr. Waddell spoke for Appellant. During the proceedings the Trial Judge gave "an advisory opinion that on my first reading, and second, and third, I guess, it says that all common stock, to me, of any kind, goes to—is included in the exception. That's what it seems to say to me."

The Trial Judge later asked "[D]o Executors ever construe a Will?" Counsel for both sides agreed, Executors do not construe a Will.

> THE COURT: . . . And there is . . . a question as to whether one of the Executors can force a construction?
>
> MR. BERRY: Uh-huh.
>
> . . . .
>
> THE COURT: Well, there is no doubt that the legatee can, but the legatee would be caught in the catch twenty-two of the anti-contest clause. So, it is strictly whether an Executor can.
>
> MR. BERRY: Yes, sir.
>
> THE COURT: . . . If we decide that question—
>
> . . . .
>
> THE COURT: . . . [I]f a dissenting Executor can't force it, then there is no question—
>
> MR. BERRY: No, sir.
>
> THE COURT: Because the majority can go ahead and do whatever they want to, regardless of what the Court feels about constructing of the Will—

. . . .

THE COURT: —and that would be up to an heir who is aggrieved to come in and complain about it.

MR. BERRY: A beneficiary in some form or fashion.

. . . .

MR. WADDELL: It's—it's your province to construe the Will. They have asked you to construe it in a certain way. . . .

THE COURT: . . . [T]he only question, is whether I should ever be involved in construing of this Will . . . or just go ahead with whatever the Executors want to do.

. . . .

MR. BERRY: We are saying . . . the personal representative is asking for distribution or whatever that involves construction of the Will that the personal representative, if it's more than one; then the majority are the ones that control . . . . [I]n his capacity as a Co-executor, Mr. Dunklin has no authority as a dissenting Co-Executor.

After the discussion with the Court, Mr. Berry later added: In order for there to be a pending matter, Mr. Dunklin is going to have to come in in his individual capacity. If he as Co-Executor does not have authority to bring it before the Court, and the Court rules in our favor on the summary judgment motion, then he is going to have to decide if he is going to file that response in his individual capacity. If he files in his individual capacity and that kicks in the forfeiture clause, he's out the window.

After the hearing, Appellees' counsel filed a Supplemental Memorandum quoting the *in terrorem* clause of the Will which provides in part:

(h) If any beneficiary . . . shall directly or indirectly . . . institute or become a party to any proceeding, suit or action for the purposes of . . . changing the effect of his will, wholly or in part . . . such contestant shall thereupon forfeit . . . any right, title or interest in or to any portion of my estate[.]

Thereafter, the Probate Court entered its Order on the basis that a dissenting Co-Executor has no standing to object to the majority's action.

Construction of the Will is not now before this court. The Probate Court has made no final ruling as to the decedent's intent as expressed in Article II. However, my view of the merits of the appeal may be affected by my agreement with the Trial Judge's "advisory opinion" that the language of Article II of the Will is not ambiguous but means that all of the common stock owned by decedent goes into the Trust.

If the "advisory opinion" is correct, the construction by Appellees would divert assets from the Trust to Mrs. McKinley. It is Appellant's duty as a Co-Executor to exercise due care to prevent his Co-Executors from diverting assets of the Trust.

As stated in Appellees' brief, "The very essence of probate is to see that the decedent's intentions as expressed in the will are carried out."

When its jurisdiction is invoked, the Probate Court on its own motion may compel the co-trustees to perform their duties under the Trust. Restatement (Second) of Trusts § 200 cmt. h; 76 Am. Jur. 2d Trusts § 329 (1992).

Contrary to Appellees' contention and as Appellant urges, our Probate Code provides for the Probate Court's construction of a will:

> on the petition of the personal representative or of any other person interested in the will, *or if a construction of the will is necessary to the determination of an issue properly before the court, the court may construe the will in connection with the determination of the issue.*

Section 28-26-101(b) (emphasis added).

Appellees' Petition necessitated a construction of the Will which the Probate Court could not delegate or resign to a majority of the Co-Executors.

The powers given to the Co-Executors under the Will do not include construction of the Will contrary to its plain language

nor where the construction may be in doubt. Neither a majority nor all of the executors may rewrite a portion of the Will.

Among the authorities cited by Appellees is RESTATEMENT (SECOND) OF TRUSTS § 194 (1959) which gives a cross-reference: "As to the duties and liabilities of trustees with respect to co-trustees, see §§ 184, 224."

> If there are several trustees, each trustee is under a duty to the beneficiary to participate in the administration of the trust and to use reasonable care to prevent a co-trustee from committing a breach of trust or to compel a co-trustee to redress a breach of trust.

RESTATEMENT (SECOND) OF TRUSTS § 184 (1959).

The term, "breach of trust" has such derogatory connotations that the Restatement's definition should be consulted. Section 201 defines "breach of trust" as a "violation by the trustee of any duty which as trustee he owes to the beneficiary." We are not privy to the amount of the value of the stock involved, only as Mr. Waddell observed at the hearing, without dissent, "[I]t's such a big dollar amount. . . . that's why everybody fights this." To divert from the Trust assets of significant value is clearly in violation of the duty which the Co-Executors owe to the lifetime beneficiaries as well as to the remaindermen, if the Will is construed in accordance with the Trial Judge's "advisory opinion."

Section 224 of the Restatement declares, in part:

> (2) A trustee is liable to the beneficiary, if he
> (d) by his failure to exercise reasonable care in the administration of the trust has enabled his co-trustee to commit a breach of trust[.]

Again assuming the correctness of the Trial Judge's reading of the Will, the Petition for Partial Distribution, if granted, would deliver to Mrs. McKinley stock which the Will bequeathed to the Trust. RESTATEMENT (SECOND) OF TRUSTS § 226 (1959) states:

> If by the terms of the trust it is the duty of the trustee to pay or convey the trust property or any part thereof to a beneficiary, he is liable if he pays or conveys to a person who is neither the bene-

ficiary nor one to whom the beneficiary or the court has authorized him to make such payment or conveyance.

Comment b to the Section adds:

> *Mistake of law or fact.* The trustee is liable although he makes the payment or conveyance under a reasonable mistake of law or of fact. If he is in doubt as to the proper person to whom a payment or conveyance should be made, he can apply to the court for instructions and will be protected by the order of the court against claims of all persons who were made parties to the proceeding.
>
> The trustee is liable although he reasonably believes that the person to whom he pays or conveys is the beneficiary or that the payment or conveyance is authorized or directed by the beneficiary or by the terms of the trust.

Comment e to Restatement § 200 reads:

> e. *Co-trustee.* If there are several trustees, one or more of them can maintain a suit against another to compel him to perform his duties under the trust, or to enjoin him from committing a breach of trust . . . .

AMERICAN JURISPRUDENCE is in full accord with the Restatement:

> A trustee is under a duty to exercise due care, diligence, and skill with respect to watching cotrustees and guarding the trust estate against their defaults and breaches of trust, and if a trustee fails in this duty the trustee is liable for all ensuing losses to the trust estate. . . . A trustee fails to perform the required duty in this respect where he or she hears of any fact tending to call his or her attention to the mismanagement or misapplication of trust funds by the cotrustee and fails to take any steps to safeguard the trust estate.

76 AM. JUR. 2d *Trusts* § 395 (1992) (footnotes omitted).

Appellees further argue that the *in terrorem* clause in the Will limits Appellant's right individually to seek a construction of the Will. Such a clause works both ways. The issue of whether the actions of Appellees McKinley, Jennings and Greaves as Co-Executors in their Petition for Partial Distribution instituted a proceeding for the purpose of changing the effect of the Will, wholly or in part, worked a forfeiture of their rights as beneficiaries is not

now in issue. It is clear that the actions of Appellant in this proceeding have not jeopardized his rights under the Will.

Appellees' basic position was that Appellant is not an "interested person" entitled to be heard on construction of the Will; although "interested persons" as defined in the Probate Code, Ark. Code Ann. § 28-1-102(a)(11) (1987), includes a fiduciary. As a Co-Executor, Appellees contend, Appellant has no power to act contrary to the will of the majority of the Executors, citing Ark. Code Ann. § 28-48-104(a) which provides, "powers given to more than two (2) personal representatives may be exercised only by the joint action of a majority of them."

The fallacy of this argument is that construction of a will is not a power of the executors, and counsel for Appellees so acknowledged in their Reply and at the hearing on summary judgment, quoted above. The Will granted the Executors all of the powers vested in executors as outlined in Act 153 of the 1961 Acts, (Ark. Code Ann. § 28-69-304), which does not include will construction among its numerous specific powers. Construction of disputed terms of a will falls within the jurisdiction of the courts, not a majority vote of the executors, nor may a majority vote of the executors preclude one of their number from asking the Court to assume such jurisdiction.

Appellant's actions herein have been to preserve assets of the Trust and to obtain court instructions for a proper construction of the Will; his costs including reasonable attorneys' fees should be paid from the Trust estate. *Wineland v. The Security Bank & Trust,* 238 Ark. 625, 383 S.W.2d 669 (1964); Restatement (Second) of Trusts § 259 (1959).

My conclusion is that the trial court erred in dismissing Appellant's Response and the case should be reversed and remanded with directions to reinstate the Response and to proceed with the Petition for Partial Distribution in a manner consistent with this opinion.

I respectfully dissent.

RICHARD C. KALKBRENNER, Sp.J., joins in this dissent.