The Honorable Jim Wood State Representative P.O. Box 219 Tupelo, Arkansas 72169-0219
Dear Representative Wood:
This is in response to your request for an opinion concerning the removal of the mayor of Georgetown. You have indicated that the town council of Georgetown, by a vote of three to two, adopted an ordinance to remove the mayor pursuant to A.C.A. § 14-42-109. You have further indicated that the mayor vetoed the ordinance and the "circuit court clerk" refused to record the ordinance. Finally, you have stated that the mayor "was not elected but was appointed in November of 1996." In light of the foregoing situation, you have presented the following questions:
 1. Can a city council directly fire and remove the mayor from his or her elected or appointed office?
 2. Does a mayor retain veto power with regard to city ordinances as mentioned above?
Initially, it is my understanding that Georgetown is an incorporated town and the current mayor was appointed by the town council to fulfill the unexpired term of the duly elected mayor who resigned from office.
It is my opinion that A.C.A. § 14-42-109, "Removal of elective or appointed officers," generally governs the removal of the mayor of an incorporated town from office. See generally Op. Att'y Gen. 95-187. Thus, resolution of the situation referred to in your letter will require an interpretation of A.C.A. § 14-42-109, which provides:
 (a)(1)(A) If the mayor or police judge, member of the city council, or any other elective officer of any city of the first class or second class or incorporated town in this state shall willfully and knowingly fail, refuse, or neglect to execute, or cause to be executed, any of the laws or ordinances within their jurisdiction, they shall be deemed guilty of nonfeasance in office.
 (B)(i) It shall be the duty of the circuit court of any county within which any officer may be commissioned and acting, upon indictment charging any such officer with nonfeasance in office, to hear and determine the charges.
 (ii) If upon hearing the charges are proved to be true, the court shall enter a judgment of record removing the guilty officer from office.
 (2) The council of any city or incorporated town may provide, by proper ordinance, for the removal of any appointive officer upon a majority vote of the council.
 (b)(1) Upon the entering of judgment as provided in subsection (a)(1) of this section, the office of mayor or police judge shall become vacant.
 (2)(A) It shall be the duty of the clerk of the circuit court to immediately make out and deliver to the Governor a true and certified copy of the judgment.
 (B) Thereupon, it shall be the duty of the Governor to at once appoint and commission a mayor or police judge for the city or town to fill the vacancy until his successor is elected at the next regular election and qualified.
 (c) Any mayor or police judge so removed from office shall have the right of appeal to the Supreme Court of the state. However, no appeal shall have the effect of suspending the judgment of removal of the circuit court. If the judgment is reversed, it shall have the effect of reinstating the officer to his office.
The critical issue that must be resolved is whether the current mayor is considered an "elective officer" as contemplated in A.C.A. §14-42-109(a)(1) or an "appointive officer" as contemplated in A.C.A. §14-42-109(a)(2).
The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Dunklin v. Ramsay, 328 Ark. 263,944 S.W.2d 76 (1997). In addition, statutes relating to the same subject should be read in a harmonious manner if possible, and all legislative acts relating to the same subject are said to be in pari materia and must be construed together and made to stand if they are capable of being reconciled. Reed v. State, 330 Ark. 645, 957 S.W.2d 174 (1997). Finally, in attempting to construe legislative intent, a court will look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the subject.Id.
Based upon the foregoing principles of statutory interpretation, it is my opinion that a court would likely conclude that the current mayor of Georgetown is an "elective officer" as contemplated by A.C.A. §14-42-109. Consequently, he may not be removed from office by means of an ordinance adopted pursuant to § 14-42-109(a)(2). I recognize that the current mayor was not elected at the general election. Nevertheless, §14-42-109(a)(1)(A) expressly refers to a mayor of an incorporated town, and § 14-42-109(b) and (c) expressly refer to a mayor. Section 14-42-109
does not appear to contemplate that a mayor could be considered an "appointed officer" for purposes of removal from office.
In Opinion No. 96-052, my office addressed the question of whether a recorder-treasurer appointed to fill a vacancy in office was considered an elected official or a city employee. My office wrote:
 It is my opinion that appointed recorder/treasurers are considered to be elected officials, rather than city employees. Vacancies in the position of recorder/treasurer are to be filled by a majority vote of the city council. A.C.A. § 14-44-116. See also A.C.A. § 14-42-103. Therefore, even though this means of filling vacancies in the position is usually referred to as an "appointment," the person chosen to fill the vacancy is, in actuality, chosen by means of election.
 Moreover, it is my opinion that even if the individual who is chosen to fill the vacancy were placed in the position by a means other than election, the individual should nevertheless be treated as an elected official, rather than as a city employee, because the position itself is an elective office, and the appointee has been placed in the position to complete the term of an elected official. The appointee is therefore a surrogate elected official.
Similarly, the position of mayor of Georgetown is an elective office and the current mayor has been placed in that position to complete the term of the elected mayor. Arkansas Code Annotated § 14-45-103 provides: "The town council shall have power to fill vacancies which may occur in elective offices of the town or on the council from qualified electors of the town, who shall hold their appointments until the next biennial election and until their successors are elected and qualified." (Emphasis supplied.) This provision contemplates that a person appointed to fill a vacancy in an elective office shall hold his appointment until his successor is elected and qualified. It is not contemplated that the town council may remove such an officer at any time, which is the case with an "appointive officer" under A.C.A. § 14-42-109. See generally A.C.A. §14-45-109 (appointment of marshal and other officers).
In sum, while the issue is not entirely clear, thus perhaps suggesting the need for legislative clarification, it is my opinion that a court would likely conclude that the current mayor of Georgetown is an elective officer, as opposed to an appointive officer, for purposes of A.C.A. §14-42-109.[1]
Because I have concluded that the mayor of Georgetown may not be removed from office by means of an ordinance adopted pursuant to §14-42-109(a)(2), it is unnecessary to address whether the mayor had the authority to veto such an ordinance. If, however, the town council were to adopt an ordinance to remove an appointed officer, then the mayor would have the authority to veto such an ordinance. Arkansas Code Annotated § 14-42-109(a)(2) provides that the council of an incorporated town "may provide, by proper ordinance, for the removal of any appointive officer upon a majority vote of the council." (Emphasis supplied.) Under A.C.A. § 14-45-105, the mayor of an incorporated town shall have the power to veto any ordinance adopted by the town council. No ordinance vetoed by the mayor shall have any force or validity unless the council shall, by a vote of two-thirds of all the aldermen elected thereto, pass it over the veto. A.C.A. § 14-45-105(b)(2)(B).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Because your letter states that the "circuit court clerk" refused to record the ordinance adopted by the town council, it must be noted that § 14-42-109(b) is applicable only upon the entering of a judgment as provided in subsection (a)(1). Thus, there is no duty imposed upon the circuit court clerk, nor does the Governor have the duty or authority to appoint a new mayor, unless the circuit court enters a judgment of record removing the mayor from office. It is my understanding that no action has been taken pursuant to subsection (a)(1). I have, however, enclosed a copy of Opinion No. 91-024 concerning the procedure for removing an elective officer under that subsection.