The Honorable Larry Prater State Representative 8800 Prater Lane Cedarville, AR 72932-9373
Dear Representative Prater:
I am writing in response to your request for my opinion regarding the operation of A.C.A. § 16-13-704 (Supp. 2001), which authorizes a court to approve the payment in installments of court-imposed fines. The statute provides in pertinent part:
 (a)(1) If the court concludes that the defendant has the ability to pay the fine, but that requiring the defendant to make immediate payment in full would cause a severe and undue hardship for the defendant and the defendant's dependents, the court may authorize payment of the fine by means of installment payments in accordance with this subchapter.
 (2)(A) When a court authorizes payment of a fine by means of installment payments, it shall issue, without a separate disclosure hearing, an order that the fine be paid in full by a date certain and that in default of payment the defendant must appear in court to explain the failure to pay.
 (B) In fixing the date of payment, the court shall issue an order which will complete payment of the fine as promptly as possible without creating a severe and undue hardship for the defendant and the defendant's dependents.
 (b)(1) In addition to the fine and any other assessments authorized by this subchapter, an installment fee of five dollars ($5.00) per month shall be assessed on each person who is authorized to pay a fine on an installment basis.
You have posed the following two questions regarding this statute:
 1. Must the assessment of the installment fee of five dollars ($5.00) per month be assessed in the order as outlined in A.C.A. § 16-13-704(a)(2)(A) in order to be collected?
 2. Is the collection of the installment fee of five dollars ($5.00) per month independent of this order as required by A.C.A. § 16-13-704(a)(2)(A) and therefore statutorily required by A.C.A. § 16-13-704(b)(1) and thus collected on all fines paid by means of an installment payment?
RESPONSE
In my opinion, the answer to your first question is "no" and the answer to your second question is "yes."
Question 1: Must the assessment of the installment fee of five dollars($5.00) per month be assessed in the order as outlined in A.C.A. §16-13-704(a)(2)(A) in order to be collected?
As the Arkansas Supreme Court recently reaffirmed in Mississippi RiverTransmission Corp. v. Weiss, 347 Ark. 543, 550, 65 S.W.3d 867 (2002):
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Raley v. Wagner, 346 Ark. 234, 57 S.W.3d 683 (2001); Dunklin v. Ramsay, 328 Ark. 263, 944 S.W.2d 76 (1997).
 When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Stephens v. Arkansas Sch. for the Blind, 341 Ark. 939, 20 S.W.3d 397 (2000); Burcham v. City of Van Buren, 330 Ark. 451, 954 S.W.2d 266 (1997). When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Stephens v. Arkansas Sch. for the Blind, supra (citing State v. McLeod, 318 Ark. 781, 888 S.W.2d 639 (1994)). The basic rule of statutory construction is to give effect to the intent of the General Assembly. Ford v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999); Kildow v. Baldwin Piano Organ, 333 Ark. 335, 969 S.W.2d 190 (1998).
Before applying these principles, I should note that your reference to A.C.A. § 16-13-704(a)(2)(A)[1] appears to be mistaken, since that subsection makes no mention of assessing a $5.00 monthly installment fee. Only subsection (b)(1) of the statute mandates assessment of the monthly fee.
With respect to A.C.A. § 16-13-704(b)(1), I am struck by the mandatory nature of the legislature's pronouncement that the $5.00 monthly fee "shall be assessed" on all individuals authorized to pay their fines on an installment basis. In my opinion, this statute in itself imposes the fee upon all such individuals by operation of law, and any acknowledgment of the fee in a court order would be merely a reiteration of a condition that automatically applies as soon as the court exercises its discretion to authorize installment payment of a fine. Black's Law Dictionary (7th
ed. 1999) defines the term "assessment" as "[d]etermination of the rate or amount of something, such as a tax or damages. . . ." Nothing in this definition or in the ordinary-language usage of the term "assessment" suggests that it must be judicially imposed in order to be enforceable. In my opinion, the statutes reproduced above reflect a clear legislative intention that anyone paying a fine in installments must further pay a $5.00 monthly fee for the privilege of doing so. Although a court might be well advised to acknowledge the fact of this additional obligation in its order authorizing installment payments, I do not believe the court is by any means required to do so in order to effectuate the fee. Rather, I believe A.C.A. § 16-13-704 in itself amounts to a mandate to the individuals charged with collecting fines, see A.C.A. § 16-13-709, that they must also collect the monthly fees from those paying their fines in installments. In response to your question, then, I do not believe collecting the mandatory $5.00 per month fee is authorized only if the fee is expressly assessed in the court's order authorizing installment payments.
Question 2: Is the collection of the installment fee of five dollars($5.00) per month independent of this order as required by A.C.A. §16-13-704(a)(2)(A) and therefore statutorily required by A.C.A. §16-13-704(b)(1) and thus collected on all fines paid by means of aninstallment payment?
As reflected in my response to your first question, I believe the answer to this question is "yes."
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Actually, your question referenced "Arkansas Code Ann.16-13-704(2)(A)." Since subsection (2)(A) appears only in A.C.A. §16-13-704(a), I assume you inadvertently omitted referring to subsection (a).