The Honorable David L. Gibbons Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
I am writing in response to your request for my opinion on the following question:
 Is the administrative fee mentioned in A.C.A. § 16-17-125 set by city ordinance or at the discretion of the district court?
RESPONSE
Section 16-17-125 of the Code (Repl. 1999), enacted as Act 1234 of 1991, provides:
 (a) An administrative fee may be levied and collected, in municipal court or city court, from each pretrial detainee charged with either a felony or misdemeanor who is placed under the supervision of the court pending trial.
 (b) The administrative fee authorized by this section may be levied only by the municipal court or city court which places a pretrial detainee under the supervision of the court pending trial.
 (c) A municipal judge may impose such administrative fee for supervision if the judge finds it necessary to impose conditions of release requiring supervision of a criminal defendant pending trial and the judge does not require the posting of any bail that requires the defendant to pay a bondsman or post any form of cash or security.
 (d) Such supervised pretrial release program is optional for both the court and the defendant and is an alternative to continued incarceration pending trial or to posting bond set by the court. The court shall be solely responsible for determining which defendants may be placed on the program. The defendant must agree to be placed on the program as an alternative to continued incarceration pending trial or to posting bond set by the court.
 (e) All funds derived from the collection of such administrative fee shall be used by the municipality solely for the administration of justice.
 (f) The administrative fee authorized by this section may be reduced or waived based on indigency.
As the Arkansas Supreme Court recently reaffirmed in Mississippi RiverTransmission Corp. v. Weiss, 347 Ark. 543, 550, 65 S.W.3d 867 (2002):
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Raley v. Wagner, 346 Ark. 234, 57 S.W.3d 683 (2001); Dunklin v. Ramsay, 328 Ark. 263, 944 S.W.2d 76 (1997).
 When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Stephens v. Arkansas Sch. for the Blind, 341 Ark. 939, 20 S.W.3d 397 (2000); Burcham v. City of Van Buren, 330 Ark. 451, 954 S.W.2d 266 (1997).
Subsection (b) of A.C.A. § 16-17-125 declares that "[t] he administrative fee authorized by this section may be levied only by the municipal court or city court which places a pretrial detainee under the supervision of the court pending trial."[1] In my opinion, this statute on its face vests discretion to impose the fee exclusively in the court. I am reinforced in this conclusion by the emergency clause to Act 1234, which describes the administrative fee for court-ordered pretrial supervision as "an alternative to bail." I believe the legislature clearly intended to empower the court to exercise the same unfettered discretion in imposing an administrative fee as it does in determining bail.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
J. LEON JOHNSON Attorney General
JLJ:JD/cyh
[1] Pursuant to Ark. Const. amend. 80, § 7, municipal courts were redesignated as "district courts." See A.C.A. § 16-17-132(a)(1)(A) ("All municipal courts now in existence shall be known as district courts.").